# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARBY WES FRYE,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0933**  (BOR Appeal No. 2045352)
(Claim No. 2010113639)

**NEIGHBORHOOD RESTAURANTS, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Darby Wes Frye, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Neighborhood Restaurants, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2011, in which the Board affirmed a November 30, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 19, 2009, denial of Mr. Frye's request to find the injury to his back, ankle, and tooth compensable. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Frye was employed on November 7, 2009, as a cook at Wendy's, owned and operated by Neighborhood Restaurant's Inc., when, he alleges, that he fell while pushing racks of bread across the floor, injuring his back, ankle, and tooth. Mr. Frye's application for benefits was denied by the claims administrator, leading to this appeal.

West Virginia Code § 23-4-1(a) (2008) directs that Workers' Compensation benefits are provided to employees "who have received personal injuries in the course of and resulting from their covered employment." In its Order, which was affirmed by the Board of Review, the

Workers' Compensation Office of Judges found by a preponderance of the evidence that Mr. Frye's injury did not occur in the course of and resulting from his employment with Neighborhood Restaurants, Inc. The Office of Judges found that Mr. Frye's injuries were the result of a well documented history of chronic back pain pre-existing his employment.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 20, 2011. It was not clearly wrong.

We agree with the Office of Judges' determination that Mr. Frye was not injured in the course of and resulting from his employment. Mr. Frye's medical history, dating back to 2004, indicates that Mr. Frye had injured his back prior to his employment at Neighborhood Restaurant. The injuries Mr. Frye sustained are not compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II